**Rose WAKEFIELD, Plaintiff— Appellant,**

v.

**PROVIDENCE HEALTH SYSTEM– OREGON, a Domestic non-profit corporation, Defendant—Appellee.**

No. 02–35661.

D.C. No. CV–01–00288–GMK.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2003.*

Decided Oct. 28, 2003.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suit-

Daniel W. Dickerson, Portland, OR, for Plaintiff–Appellant.

Jeffrey Julius Druckman, Janine C. Blatt, Druckman & Associates, Portland, OR, for Defendant–Appellee.

Before TROTT, FISHER, and GOULD, Circuit Judges.

## MEMORANDUM**

Appellee Providence Health System–Oregon ("Providence") hired appellant Rose Wakefield ("Wakefield"), an African American, to be a clinical medical assistant. Providence Clinical Manager Sharlene Pappe interviewed and hired Wakefield on November 9, 1998. On January 5, 1999 Providence terminated Wakefield's employment.

The events leading to Wakefield's termination commenced when Wakefield sought to arrange for direct deposit of her Providence paychecks into an account at the Providence Health System Federal Credit Union. In processing Wakefield's direct deposit request, the Credit Union ran a credit check, which uncovered that Wakefield possibly was using multiple Social Security numbers. Providence's Human Resources department subsequently discovered that Wakefield did not respond to a criminal history question on her employment application and that it did not have a record of Wakefield providing the identification required by the federal I–9 form.

Pursuant to standard Providence procedure, Wakefield was suspended with pay pending an investigation and background check. During the period of Wakefield's paid leave, several clinic employees in-

able for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

formed Pappe that Wakefield had called them at home and at the clinic, complaining about how angry she was about the situation, and threatening to sue the clinic. These employees were upset that Wakefield had contacted them, and found her angry tone disconcerting.

After her termination, Wakefield filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission, and then filed suit in United States District Court for the District of Oregon. Wakefield's complaint included claims of racial harassment, and racial discrimination under Title VII and 42 U.S.C. § 1981. On June 7, 2002, the district court granted Providence summary judgment on all claims. Wakefield appeals only her Title VII claim.

We review de novo a district court's grant of summary judgment. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). Appellant maintains that she was the victim of disparate treatment race discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e–2(a). The Supreme Court has established a three-part test allocating the burdens of proof and production in disparate treatment cases. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under the first step, a plaintiff must establish a prima facie case of racial discrimination. *Id.* at 802. If plaintiff demonstrates a prima facie case, a presumption of unlawful discrimination rises, and the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 889 (9th Cir.1994). If the employer meets this burden of production, the burden shifts back to the plaintiff to show that the employer's stated reason is a pretext for a discriminatory motive. *Id.* at 889.

Wakefield's evidence offered to show a prima facie case of racial discrimination is very weak. To establish a prima facie case of racial discrimination, Wakefield had to show not only that she was in a protected class and that her firing was an adverse employment action, but also that she was treated differently than similarly situated employees who were not in her protected class. *McDonnell Douglas*, 411 U.S. at 802; *Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 672 (9th Cir.1988). There was no evidence directly indicating that Pappe acted on racial grounds. There was no evidence Pappe had made any negative comment relating to Wakefield's race. There was no evidence, even of a circumstantial nature, showing that persons who were not in the protected class who had performed and acted in the ways that Wakefield did were treated differently than Wakefield.

There was evidence from which a jury could conclude that Pappe treated Wakefield more harshly than other employees, and there was evidence from which a jury might conclude that Wakefield was the only African–American supervised by Pappe. Given that there was no evidence of a nexus showing that Pappe was motivated by race, or that anyone outside of the protected class was treated differently in like circumstance, it is a close question whether the evidence was adequate to prove a prima facie case, even accepting as true all of Wakefield's factual submissions and giving all reasonable inferences to Wakefield. But assuming that a prima facie case was presented, there is no question that Providence in turn explicitly and abundantly showed bona fide reasons for terminating Wakefield, including that she failed to submit an I–9 form and that she was disruptive with other employees. Under the test established by *McDonnell Douglas*, Wakefield then had

the burden of showing a genuine issue of material fact whether Providence's action was based on pretext. *McDonnell Douglas,* 411 U.S. at 804; *Wallis,* 26 F.3d at 889. This she failed to do.

Wakefield presented no evidence to rebut Providence's stated reasons for her dismissal. She argued that the reasons proffered by Providence did not exist before the commencement of Providence's investigation, and cited to testimony that Pappe had told Doctor Nancy Loeb, who submitted an affidavit, that Pappe was terminating Wakefield because she was not a "good fit." When viewed in the most favorable light, indirect evidence of pretext must be sufficiently "specific" and "substantial" to create a triable issue of fact. *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1221–22 (9th Cir.1998). Here, the evidence proffered by Wakefield did not contradict that she was disruptive with other employees, after an investigation was commenced.[1] The evidence submitted did not contradict that Wakefield did not file an I–9 form as was required. Having carefully considered all of the evidence submitted, we conclude that Wakefield has not produced specific and substantial evidence showing that Providence's asserted non-discriminatory reasons for her termination were pretextual. The District Court correctly granted Providence summary judgment on Wakefield's Title VII claim.

AFFIRMED.

1. There is no genuine dispute concerning the propriety of commencing an investigation where Wakefield had submitted an incorrect social security number to the company, and had not responded to an inquiry on the employment form concerning any criminal history. That the investigation disclosed that she did not have a criminal history does not render improper the defendant's form request for such information. Nor was it wrongful to investigate an incomplete answer about criminal history and confusion or inaccuracy regarding Social Security numbers provided.